UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONNIE FREENEY,<br>  Plaintiff,<br><br> v.<br><br>CLARENCE HEADD, *et al.*,<br>  Defendants. | )<br>)<br>)<br>) CAUSE NO.: 2:17-CV-280-JVB-JEM<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiff Ronnie Freeney to appear at the Show Cause Hearing of May 21, 2018, at 10:30 a.m., and the Status Conference of April 19, 2018.

On January 25, 2018, in a hearing attended by Plaintiff Freeney in person, the Court set this matter for a status conference eon May 21, 2018, at 10:30 a.m. Plaintiff Freeney, who is proceeding *pro se*, failed to appear without explanation, so the Court set the matter for a hearing to inquire into Plaintiff's failure to appear, to be held on May 21, 2018, warning Plaintiff that his failure to appear could result in sanctions, including dismissal of the case. Plaintiff did not appear at the show cause hearing set for May 21, 2018, without explanation. The docket reflects that a copy of the order was sent to Plaintiff and was received on April 25, 2018.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214

1

F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiff, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff has failed to appear at the last two hearings set by the Court, failed to participate in discovery with Defendants, and failed to comply with a Court order compelling discovery. The Court also finds that proper warning has been given to Plaintiffs. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiff received "due warning" in a formal Show Cause Order sent via certified mail, and the Court finds that dismissal is warranted by Plaintiffs' failure to comply with the Show Cause Order of April 19, 2018.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v.*

*Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 21st day of May, 2018.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:    Judge Joseph S. Van Bokkelen
        All counsel of record
        Plaintiff Ronnie Freeney, *pro se*, by first class and certified mail, return receipt requested